This matter is before the court on appeal from three decrees of the orphans court, all in the matter of the estate of Frederick F. Brueck; the first, settling the account of Fred Jorgenson, the executor, and surcharging him as to certain items, after a hearing on exceptions to his account; the second, removing the executor; and the third, appointing one Hope Herrmann administratrix with the will annexed of the estate.
All the matters raised on these appeals were fully gone into before the orphans court and the memorandum thereon fully considered all the questions now again raised on appeal. The conclusions set forth in this memorandum and the decrees based thereon were, in my opinion, fully justified.
It appears from the testimony that the testator died in the year 1930, leaving a will whereby the great bulk of his property was left in equal shares to Hope Herrmann and Barbara Jorgenson. At the time of his death there was *Page 330 
standing in his name shares of stock in various corporations worth upwards of $25,000. At the time of his death, these certificates were in a safe deposit box in New York City, in a compartment registered in the name of Katherine Jorgenson, the wife of Fred Jorgenson, to which the decedent had the right of access. The certificates were all endorsed in blank. Although Hope Herrmann asserted the claim that these stocks were part of the estate, the executor endorsed them as such so as to effectuate a transfer thereof on the books of the corporation to a third party, who then transferred them to Katherine Jorgenson. The executor did not list these stocks as part of the estate on filing his account and on exception to the account, he was surcharged with the value thereof as of the date of the transfer on the books of the corporation, together with interest on their then value. The executor contended that the stock formed no part of the estate since they were the subject of a gift inter vivos
from the testator to Mrs. Jorgenson. The orphans court properly found that this was not a valid gift, as the conditions necessary to constitute a valid gift were not present, since testator was not shown to have parted with all dominion over the stocks. The certificates were endorsed in blank and were in a safe deposit box of the alleged donee, but the evidence clearly shows that besides the certificates remaining in the box at the time of his death, there had been other similar certificates of other stocks and that it was the habit of the testator from time to time to go to the box to which he had the right of access, take certificates therefrom and dispose of them without first obtaining the permission of Mrs. Jorgenson. In other words, he treated these certificates as his own, which negatives any idea of any irrevocable gift. The executor and his wife further attempted to justify the failure to account for the certificates as part of the estate on the inconsistent ground that although a gift intervivos was not affected, the testator had turned the stocks over to Mrs. Jorgenson to be distributed after his death between the two nieces named in the will, one of whom was the daughter of Mrs. Jorgenson, on the condition that the other niece, Hope *Page 331 
Herrmann and her family, did not make any trouble for the Jorgenson family and that this condition was not fulfilled because a suit was instituted relating to some real estate left by testator in the city of New York. Even if this were true, it would constitute an invalid attempt to create a testamentary trust without the necessary formalities. It is unnecessary to cite authorities on these points, as they have been completely covered by the memorandum filed in the orphans court.
The decree of the orphans court imposed costs and allowed a counsel fee to be paid by Fred Jorgenson, individually, and an appeal is taken from this provision. The decree is sustained in this particular, since it fully appears that the executor converted the stocks, hereinbefore referred to, deliberately and with full knowledge of the facts and the claim made by the exceptant to his account. Since the executor is the husband of the person into whose hands he delivered the stocks, it will apparently be necessary for someone representing the estate to bring suit against Mrs. Jorgenson to recover them or their value; and therefore the removal of the executor and the appointment of Hope Herrmann, one of the beneficiaries of the will, to whose disadvantage the transactions were made, and who is therefore vitally interested in the restoration to the estate of its assets, seems fully justified.
 The three decrees appealed from will be affirmed. *Page 332